UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CARL S. GOLDBERG, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-01054-PLC |
| | ) | |
| RICHARD JENNINGS, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Carl S. Goldberg's motion for leave to proceed in forma pauperis [Doc. 2] and petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having reviewed the motion and the petition, and for the reasons discussed below, the Court grants petitioner's in forma pauperis status and orders petitioner to show cause why this action should not be dismissed for failure to exhaust available state remedies.

**Background**

Petitioner is an inmate at the Potosi Correctional Center in Mineral Point, Missouri. On February 28, 2018, he pled guilty to second-degree felony murder. *State of Missouri v. Goldberg*, No. 16MN-CR00070 (10th Cir., Monroe County). He was sentenced to serve a term of life imprisonment in the Missouri Department of Corrections on June 7, 2018. Petitioner did not file a direct appeal.

In his petition, petitioner states that he filed a "Form #40 Motion" with the Circuit Court of Ralls County on or about August 23, 2018. He states that he received no return response and that the "Clerk failed to respond." A search of Case.net, Missouri's online case management system, failed to disclose any filing of a Form 40 for petitioner, on the stated date.

Eventually, on April 10, 2019, petitioner did file a motion to vacate, set aside or correct the judgment or sentence in state court. *Goldberg v. State of Missouri*, No. 19MN-CV00074 (10th Cir., Monroe County). In the motion, petitioner alleges that ineffective assistance of counsel induced him to enter an involuntary and invalid guilty plea.

In an order filed May 29, 2019, the state court noted that petitioner was sentenced on June 7, 2018 and did not file a direct appeal. Pursuant to Missouri Supreme Court Rule 24.035, motions to vacate, set aside or correct must be filed within 180 days of the sentence. Thus, the state court concluded that petitioner's motion appeared untimely. Nevertheless, the state court acknowledged petitioner's claim that he had mistakenly filed his motion in Ralls County on August 23, 2018. Though the Ralls County Clerk stated no such motion was filed, the state court appointed counsel to investigate petitioner's motion. The last docket entry for this case occurred on June 21, 2019, and indicates that an attorney has entered her appearance on petitioner's behalf.

Petitioner filed the instant petition for writ of habeas corpus on April 25, 2019, by placing it in the prison mailing system.[1] He alleges that his attorney provided ineffective assistance of counsel by prompting him into an involuntary guilty plea.

## Discussion

A petitioner in state custody seeking relief pursuant to 28 U.S.C. § 2254 must first exhaust available state remedies before pursuing federal habeas relief. *Wayne v. Missouri Bd. of Probation & Parole*, 83 F.3d 994, 996 (8th Cir. 1996). *See also White v. Wyrick*, 651 F.2d 597, 598 (8th Cir. 1981) (stating that "[i]t is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court"). This provides the state an

---

[1] "[A] pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999).

2

"opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement also prevents disruption of state judicial proceedings. *Rose v. Lundy*, 455 U.S. 509, 517 (1982).

On April 10, 2019, prior to the filing of his federal habeas petition, petitioner filed a motion to set aside, vacate or correct in state court. Petitioner has an appointed counsel and the motion is still pending. Thus, it appears that he has not exhausted his state remedies. As such, petitioner will be ordered to show cause why his § 2254 petition should not be dismissed for failure to exhaust. He will be given thirty days from the date of this order in which to file his response.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall show cause within **thirty (30) days** of the date of this order as to why the Court should not dismiss the instant petition for writ of habeas corpus for failure to exhaust state remedies.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this order, the Court will dismiss his petition without prejudice and without further notice.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of July, 2019