# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

CARL S. GOLDBERG,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Petitioner,　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　)　　　　No. 4:19-cv-01054-PLC
　　　　　　　　　　　　　　　　　)
RICHARD JENNINGS,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Respondent.　　　　　　)

## MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. On July 10, 2019, the Court ordered petitioner to show cause why his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 should not be dismissed for failure to exhaust state remedies. (Docket No. 7). Petitioner was given thirty days in which to respond. More than thirty days have elapsed, and petitioner has failed to comply. Therefore, for the reasons discussed below, petitioner's petition will be dismissed without prejudice for failure to exhaust state remedies.

### Background

Petitioner is an inmate at the Potosi Correctional Center in Mineral Point, Missouri. On February 28, 2018, he pled guilty to second-degree felony murder. *State of Missouri v. Goldberg*, No. 16MN-CR00070 (10th Cir., Monroe County). He was sentenced to serve a term of life imprisonment in the Missouri Department of Corrections on June 7, 2018. Petitioner did not file a direct appeal.

In his petition, petitioner states that he filed a "Form #40 Motion" with the Circuit Court of Ralls County on or about August 23, 2018. He asserts that he received no return response and that the "Clerk failed to respond." The Court was unable to find any record of this particular case.[1]

Eventually, on April 10, 2019, petitioner did file a motion to vacate, set aside or correct the judgment or sentence in state court. *Goldberg v. State of Missouri*, No. 19MN-CV00074 (10th Cir., Monroe County).[2] In the motion, petitioner alleged that ineffective assistance of counsel induced him to enter an involuntary and invalid guilty plea.

In an order filed May 29, 2019, the state circuit court noted that petitioner was sentenced on June 7, 2018 and did not file a direct appeal. Pursuant to Missouri Supreme Court Rule 24.035, motions to vacate, set aside or correct must be filed within 180 days of the sentence. Thus, the circuit court stated that petitioner's motion appeared untimely. Nevertheless, the circuit court acknowledged petitioner's claim that he had mistakenly filed his motion in Ralls County on August 23, 2018. Though the Ralls County Clerk stated no such motion was filed, the circuit court appointed counsel to investigate petitioner's motion. An assistant public defender entered her appearance on petitioner's behalf on June 21, 2019. The circuit court held a case management conference on July 12, 2019. The circuit court has also set the matter for a hearing on November 14, 2019.

Petitioner filed the instant petition for writ of habeas corpus on April 25, 2019, by placing it in the prison mailing system.[3] (Docket No. 1). He alleges that his attorney provided ineffective assistance of counsel by prompting him into an involuntary guilty plea.

---

[1] The Court searched for petitioner's case on Case.net, Missouri's online case management system.

[2] The Court reviewed petitioner's case on Case.net and takes judicial notice of this public state record. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

[3] "[A] pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999).

On July 10, 2019, the Court ordered petitioner to show cause why his petition should not be dismissed for failure to exhaust state remedies. (Docket No. 7). In doing so, the Court noted that petitioner's motion to vacate, set aside or correct sentence was still pending in the state circuit court. Petitioner was given thirty days in which to file a response. No response has been received.

## Discussion

A petitioner in state custody seeking relief pursuant to 28 U.S.C. § 2254 must first exhaust available state remedies before pursuing federal habeas relief. *Wayne v. Missouri Bd. of Probation & Parole*, 83 F.3d 994, 996 (8th Cir. 1996). *See also White v. Wyrick*, 651 F.2d 597, 598 (8th Cir. 1981) (stating that "[i]t is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court"). This provides the state an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement also prevents disruption of state judicial proceedings. *Rose v. Lundy*, 455 U.S. 509, 517 (1982).

On April 10, 2019, prior to the filing of his federal habeas petition, petitioner filed a motion to set aside, vacate or correct sentence in state court. An attorney has been appointed to represent him and the matter is still pending. The next hearing has been scheduled for November 14, 2019. Clearly, petitioner has not yet exhausted his state remedies. His state-court motion has not been ruled upon, meaning that the state has not been given an "opportunity to pass upon and correct alleged violations of [petitioner's] federal rights." Furthermore, if his federal petition were to proceed, it would disrupt ongoing state judicial proceedings. For these reasons, the Court must dismiss the instant petition for failure to exhaust state remedies.

**Certificate of Appealability**

The Court has considered whether or not to issue a certificate of appealability. In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus (Docket No. 1) is **DISMISSED** without prejudice for failure to exhaust administrative remedies. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 11th day of October, 2019.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE